**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4865**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL JUNIOR MCNEIL,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00406-WO-1)

_____

Submitted:  April 30, 2012          Decided:  May 25, 2012

_____

Before MOTZ, KING, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Darren Byers, LAW OFFICES OF J. DARREN BYERS, P.A., Winston-Salem, North Carolina, for Appellant.  Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Junior McNeil appeals his conviction following a conditional guilty plea, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, McNeil's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred in denying the motion to suppress the firearm found during a search of a vehicle in which McNeil was a passenger. McNeil was advised of his right to file a pro se supplemental brief, but he did not file one. Finding no error, we affirm.

In reviewing the district court's denial of a motion to suppress, "[w]e review the district court's legal determinations *de novo* and its factual determinations for clear error." United States v. Kelly, 592 F.3d 586, 589 (4th Cir. 2010). When the district court has denied a suppression motion, "we construe the evidence in the light most favorable to the government." Id.

Consistent with the Fourth Amendment, a police officer "may . . . conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (citing Terry v. Ohio, 392 U.S. 1, 30 (1968)). While an officer

2

generally must have probable cause to search a vehicle during an investigatory stop, the owner's consent to a search negates the probable cause requirement. Florida v. Jimeno, 500 U.S. 248, 250-51 (1991). General consent to the search reasonably extends to "containers within that car which might bear [contraband]." Id. at 251. Officers also "may inspect passengers' belongings found in the car that are capable of concealing the object of the search." Wyoming v. Houghton, 526 U.S. 295, 307 (1999). "[A] passenger normally has no legitimate expectation of privacy in a car in which he asserts neither a property interest nor a possessory interest and where he disclaims any interest in the seized object." United States v. Rusher, 966 F.2d 868, 874 (4th Cir. 1992); see Rakas v. Illinois, 439 U.S. 128, 148 (1978) (holding that standing to challenge search to which vehicle owner has consented requires passenger to have "legitimate expectation of privacy in the particular areas of the automobile searched"). Upon review, we conclude that the district court did not err in denying McNeil's motion to suppress the firearm found during the owner-consented search of the vehicle in which he was a passenger.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform McNeil, in writing, of his right to

3

petition the Supreme Court of the United States for further review. If McNeil requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McNeil. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED